# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONALD FOUST, on behalf of himself and all other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. CIV-16-1447-R |
| (1) CPI SECURITY SERVICES, INC., (2) COMPLETE PROTECTION & INVESTIGATIONS, INC., (3) LAWRENCE E. SANDERS, and (4) CHRISTINE A. SANDERS | ) ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Conditionally Certify a Collective Action and for Court-Authorized Notice. Doc. 15. The matter is fully briefed. For the reasons that follow, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. The Court will conditionally certify a class consisting of all persons who worked for Defendants as security officers during the three years before the mailing of the notice and who were not paid overtime.

**I. Standard for Conditional Class Certification**

Plaintiff Donald Foust, challenging Defendants' alleged failure to pay its employees overtime under the Fair Labor Standards Act (FLSA), asks the Court to conditionally certify this collective action. A claim under the FLSA may be brought "against an employer . . . by any one or more employees for and on behalf of himself or themselves and other

1

employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under the Federal Rules of Civil Procedure 23, to participate in an FLSA collective action, each plaintiff must "give[] his consent in writing to become such a party" and file the consent "in the court in which such action is brought." *Id.* Plaintiff asks the Court to conditionally certify this case as a collective action so that putative plaintiffs may subsequently receive notice and join the action.

The FLSA permits a collective action where the complaining employees are *similarly situated*. *See id.* Though § 216 (b) does not define that term, the Tenth Circuit endorses the "ad hoc approach," a two-step process for identifying when a FLSA collective action may proceed. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

At the first step—where this case is—the Court makes "an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" Here, plaintiffs need only plead "substantial allegations that the putative class members were together the victims of a single policy or plan." *Id*. The Tenth Circuit admits this standard is "fairly lenient." *Id*. at 1103; *also see Swartz v. D-J Engineering, Inc.*, 2013 WL 5348585, at *1 (D. Kan. Sep. 24, 2013) (noting that "[t]his standard is very lenient and typically results in conditional certification").

The second step comes after discovery is complete. Upon a defendant's motion to decertify, the Court "applies a stricter standard to assure that plaintiffs are actually similarly situated." *Swartz,* 2013 WL 5348585, at *1. Here, the Court reviews several factors, such as "(1) disparate factual and employment settings of the individual plaintiffs; (2) the

various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit." *Thiessen*, 267 F.3d at 1103.

## II. Discussion

### A. Conditional Certification

Mr. Foust filed this FLSA action against his former employers on behalf of himself and others. Doc. 1. Defendants CPI Security Services, Inc. and Complete Protection & Investigations, Inc. are separate legal entities, both operated by husband and wife Lawrence and Christine Sanders, which provide security personnel to Oklahoma businesses. Doc. 15, at 7. While employed by Defendants as security guards, Plaintiff Donald Foust and opt-in Plaintiff John Sanders (J. Sanders) allegedly worked more than 70 hours per week without receiving overtime pay. The FLSA generally requires covered employers to pay its employees overtime pay for work in excess of forty hours per week. *See Chavez City v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011). Employers must compensate employees for overtime hours "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). Defendants allegedly made an end-run around this regulation by issuing its security guards two separate paychecks—one from CPI Security Services and one from Complete Protection & Investigations. Doc. 15, Ex. 3. By doing this, no entity compensated an employee for more than 40 hours.

Because the Court is at the "notice stage," the question is simply whether Mr. Foust asserts "substantial allegations that the putative class members were together the victims

3

of a single policy or plan." *Thiessen*, 267 F.3d at 1102. Here, the Court concludes he has. He alleges that putative plaintiffs all served as security guards for Defendants and all shared similar job responsibilities. They monitored their jobsites' perimeters, ensured authorized personnel left the premises safely, and maintained gates and other entries. Apparently these job responsibilities were consistent across job sites. Doc 15, Ex. 1; *id*. at 8. More important to the Court's analysis on whether plaintiffs were similarly situated, though, is the allegations of both Mr. Foust and Mr. J. Sanders that neither received overtime pay despite working more than forty-hour workweeks and that both received two paychecks, one from CPI Security Services and one from Complete Protection & Investigation Services. Doc. 15, Exs. 1 & 2.

Defendants, nonetheless, still maintain that plaintiffs have not met their burden for conditional certification. They argue that plaintiffs have not produced any evidence that they were all victims of a single policy or plan; that they have not shown other employees would want to opt-into the litigation; and that the potential for individualized defenses for some plaintiffs means they are not similarly situated. All of these arguments fail based on the Tenth Circuit's holding that deciding whether plaintiffs are similarly situated at the conditional-certification stage "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Of course plaintiffs have not produced *evidence* that all putative class members were treated similarly, that they would even want to opt-into this case, or that personalized defenses will not predominate the case. Their burden to do so comes later "at the conclusion of discovery" when the court will "make[] a second

determination, utilizing a stricter standard of 'similarly situated,'" by considering factors such as disparate employment settings of the individual plaintiffs, personalized defenses, and fairness and procedural considerations. *Id*. at 1103.

### B. Judicial Notice

Plaintiff also ask this Court to approve a proposed notice to send to putative plaintiffs. [*See* Doc. 15, Ex. 4]. Defendants argue the proposed notice is deficient in many respects. After considering the parties' arguments, the Court finds as follows.

The Court will certify the following class:

> All current and former Security Officers who worked more than forty hours during a given week for any single Defendant, or combination of Defendants, consisting of (1) CPI Security Services, Inc., (2) Complete Protection and Investigations, Inc., (3) Lawrence Sanders, and/or (4) Christine Sanders, at any time from three years before the date of mailing of this notice and who were not paid overtime.

Numbering the Defendants should assuage their concerns about distinguishing between CPI Security Services and Complete Protection and Investigations. Further, Defendants' concerns about putative plaintiffs not understanding FLSA's forty-hour-workweek requirement should be remedied by Section 2 of the proposed notice explaining that Mr. Foust was allegedly not paid overtime for hours worked in excess of forty. As for Defendants' desire that the Notice explain the implications of joining the lawsuit and potential obligations to pay attorneys' fees, Plaintiffs' proposed notice already explains that if a plaintiff opts-into the litigation, then—save for a contingency fee—he or she will not be responsible for any portion of attorney's fees so long as they are represented by

5

Plaintiffs' attorneys. This should obviate Defendants' concerns over whether putative plaintiffs will understand any consequences of opting into the litigation.

Before sending out their proposed notice, Plaintiffs should revise the notice to reflect this Order's findings and submit the revised notice to Defendants for approval. Defendants shall have five business days to review whether the form conforms to this Order. Before bringing any objections to the Court, the parties must first confer and attempt to resolve their disputes. Defendants shall have 7 days from the date of this Order to provide Plaintiff's counsel, in a usable electronic format, a list of all names, addresses, email addresses, and telephone numbers of putative class members. The Court will accept Plaintiffs' stated intention to only use the telephone numbers for the limited purpose of contacting individuals whose notice is returned as undeliverable. After Defendants have approved the Notice, Plaintiffs shall have 14 days to send it by mail and email. Persons shall have 60 days from the date the Notice is sent to opt-in. Plaintiffs may send a reminder notice by mail and/or email 30 days before the deadline to opt-in.

IT IS SO ORDERED this 23rd day of May 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE