## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DONALD FOUST,** | § | |
| **Individually and on behalf of all others** | § | |
| **similarly situated** | § | |
| | § | |
| **_Plaintiff_,** | § | **Civil Action No. 5:16-cv-01447-R** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **CPI SECURITY SERVICES, INC.,** | § | |
| **COMPLETE PROTECTION &** | § | |
| **INVESTIGATIONS, INC., LAWRENCE E.** | § | |
| **SANDERS AND CHRISTINE A. SANDERS** | § | |
| | § | **COLLECTIVE ACTION** |
| **_Defendants_** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

### PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Donald Foust brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs") who worked for Defendants CPI Security Services, Inc. ("CPI"), Complete Protection & Investigations, Inc. ("Complete"), Lawrence E. Sanders ("L Sanders"), and Christine A. Sanders ("C Sanders") (collectively "Defendants") during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiffs are those persons who worked for Defendants within the last three years and have filed a consent form to join this lawsuit.

1.3     Plaintiffs are **_non-exempt_** employees who were paid an hourly wage but were not paid any overtime compensation.

1.4     Some of the Opt-In Plaintiffs were misclassified as independent contractors and were paid an hourly wage, but were not paid any overtime compensation.

1.5     Plaintiffs routinely work (and worked) in excess of forty (40) hours per workweek.

1.6     Plaintiffs were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

1.7     The decision by Defendants not to pay overtime compensation to Plaintiffs was neither reasonable nor in good faith.

1.8     Defendants knowingly and deliberately failed to compensate Plaintiffs overtime for all hours worked over forty (40) hours per workweek.

1.9     Plaintiffs did not and currently do not perform work that meets the definition of exempt work under the FLSA.

1.10    Plaintiffs therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

## II.
## THE PARTIES

2.1     Plaintiff Donald Foust ("Foust") worked for Defendants within the meaning of the FLSA, within this judicial district, and within the relevant three-year

period. Plaintiff Foust did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

    2.2    The Opt-in Plaintiffs are those current and former security guards who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Foust worked and was paid, and who have filed their written consent to join this lawsuit.[2]

    2.3    CPI Security Services, Inc. ("CPI") is an Oklahoma corporation, having its principal place of business in Oklahoma City, Oklahoma. CPI has been served and appeared herein.

    2.4    Complete Protection & Investigations, Inc. ("Complete") is an Oklahoma corporation, having its principal place of business in Oklahoma City, Oklahoma. Complete has been served and appeared herein.

    2.5    Lawrence E. Sanders ("L Sanders") is an employer as defined by 29 U.S.C. § 203(d) and, along with CPI, Complete, and Christine A. Sanders, employed or jointly employed Plaintiff and the Opt-In Plaintiffs. Lawrence E. Sanders has been served and appeared herein.

---

[1] The written consent of Donald Foust is on file. *See* ECF No. 1-1.

[2] Conditional certification was granted on May 23, 2017 (ECF No. 54) and Notice and Consent materials were distributed to the putative class members on May 30, 2017. At the close of the opt-in period, a total of nine (9) current and former security guards filed a consent to join this lawsuit.

2.6     Christine A. Sanders ("C Sanders") is an employer as defined by 29 U.S.C. § 203(d) and, along with CPI, Complete, and Lawrence E Sanders, employed or jointly employed Plaintiffs. Christine A. Sanders has been served and appeared herein.

2.7     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over CPI, Complete, and the Plaintiffs. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, CPI and Complete maintain their principal place of business in Oklahoma City, Oklahoma, and the Sanders Defendants are domiciled in Oklahoma City, Oklahoma, all of which are located in this District and Division.

3.5     Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Western District of Oklahoma.

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiffs' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiffs were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

*First Amended Collective Action Complaint*                                        Page 5

4.6     Specifically, Plaintiffs are (or were) ***non-exempt*** employees of Defendants who are (or were) security guards/officers responsible for protecting and monitoring premises and materials that had been moved in or produced for commerce. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiffs are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     This Court has conditionally certified the following class of similarly situated employees pursuant to 29 U.S.C. § 216(b): "all current and former Security Officers who worked more than forty hours during a given week for any single Defendant, or combination of Defendants, consisting of (1) CPI Security Services, Inc., (2) Complete Protection and Investigations, Inc., (3) Lawrence Sanders, and/or (4) Christine Sanders, at any time from three years before the date of this notice and who were not paid overtime." *See* ECF No. 54, p. 5.

## V.
## FACTS

5.1     CPI and Complete are companies that provide security guards/officers and patrolling services to corporate clients in the State of Oklahoma.

5.2     To provide these services, CPI and Complete employed numerous individuals to provide security and patrol services to their clients in the greater Oklahoma City area.

5.3     Some of the Opt-In Plaintiffs were misclassified as independent contractors during the relevant time-period.

5.4     Plaintiff Foust has worked for and been employed with Defendants since 2010.

5.5     Defendants paid Plaintiff Foust and the Opt-In Plaintiffs by the hour, regardless of their classification as independent contractor or employee.

5.6     When Plaintiff Foust worked for Defendant CPI, he was paid nine dollars and fifty cents ($9.50) an hour.

5.7     When Plaintiff Foust worked for Defendant Complete, he was nine dollars ($9.00) an hour.

5.8     Regardless of the number of hours worked, or their classification as employee or independent contractor, Plaintiffs were never paid the required time and one half for all hours worked over forty in each workweek.

5.9     Plaintiffs regularly worked in excess of forty (40) hours per week. Specifically, Plaintiffs usually worked seventy (70) to eighty (80) hours a week for Defendants at multiple locations throughout the greater Oklahoma City area.

5.10    Because Defendants are joint employers, the FLSA requires that all hours worked be combined for purposes of overtime compensation. *See* 29 C.F.R. § 791.2.

5.11    Rather than comply with the law, Defendants scheduled Plaintiffs to work forty (40) hours or less at CPI and/or Complete in an attempt to circumvent the FLSA even though, when combined, Plaintiffs worked far in excess of forty (40) hours per week.

5.12    Although it is well-known that blue-collar workers like Plaintiffs are ___not___ exempt from overtime, Defendants did not pay Plaintiffs the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

5.13    Plaintiffs' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants, including the schedule of work and related work duties.

5.14    Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters. Moreover, Plaintiffs' job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.15    Defendants had the power to hire and fire Plaintiffs.

5.16    Defendants made all personnel and payroll decisions with respect to Plaintiffs, including but not limited to, the decision to pay Plaintiffs an hourly wage with no overtime pay.

5.17    Plaintiffs did not employ their own workers.

5.18    Plaintiffs worked continuously for Defendants on a permanent full-time basis.

5.19    Plaintiffs relied on Defendants for their work. Plaintiffs did not market any business or services of their own. Instead, Plaintiffs worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

5.20    Defendants determined the hours Plaintiffs worked.

5.21    Defendants set Plaintiffs' pay and controlled the number of hours they worked.

5.22    Defendants set all employment-related policies applicable to Plaintiffs.

5.23    Defendants improperly classified some Plaintiffs as independent contractors. The classification was improper because those Plaintiffs were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

5.24    The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.25    Defendants did not pay **_any_** overtime at all for work in excess of forty (40) hours per week.

5.26    Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for

their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4      Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

6.5     Plaintiffs, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Plaintiffs are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    This Court has conditionally certified the following class of similarly situated employees pursuant to 29 U.S.C. § 216(b): "all current and former Security Officers who worked more than forty hours during a given week for any single Defendant, or combination of Defendants, consisting of (1) CPI Security Services, Inc., (2) Complete Protection and Investigations, Inc., (3) Lawrence Sanders, and/or (4) Christine Sanders, at any time from three years before the date of this notice and who were not paid overtime." ("Class Members") *See* ECF No. 54, p. 5.

6.11    Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Class Members.

6.12    Thus, Plaintiff's experiences are typical of the experiences of the Class Members.

6.13    The specific job titles or precise job requirements of the various Class Members does not prevent collective treatment.

6.14    All of the Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Class Members are blue-collar security and patrol guards entitled to overtime after forty (40) hours in a workweek.

6.16    Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations of federal wage and hour laws.

6.17    Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

## VII.
## RETALIATION – 29 U.S.C. § 215(a)(3)

7.1    At all times relevant to this lawsuit, Plaintiff Foust has been entitled to the rights, protections and benefits provide by the FLSA, 29 U.S.C. §§ 201, *et seq.*, because he was a non-exempt employee of Defendants.

7.2    Plaintiff Foust asserts that his hours have been reduced, in violation of 29 U.S.C. § 215(a)(3), as retaliation for asserting his right to be paid for all hours worked and the proper amount of overtime for all hours worked over forty (40) each workweek. Specifically, Plaintiff Foust was not scheduled to work for the first time in six years, and according to Defendants, it is in direct response to this lawsuit.

## VIII.
## RELIEF SOUGHT

8.1    Plaintiff respectfully prays for judgment against Defendants as follows:

a.    For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

b.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

c.    For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

d.    For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

e.    For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.    For an Order awarding Plaintiff a service award as permitted by law;

g.    For an Order compelling the accounting of the books and records of Defendants; and

h.    For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 3, 2017        Respectfully submitted,

By:    /s/ *Clif Alexander*                 
**Clif Alexander** *(Admitted Pro Hac Vice)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren Braddy** *(Admitted Pro Hac Vice)*
Texas Bar No. 24071993
austin@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284


**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
**MCINTYRE LAW PC**
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Oklahoma, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander